IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Raheem Mahad Ewing, | ) | |
| | ) | Crim. No. 4:12-cr-00268-RBH-1 |
| Petitioner, | ) | C/A No. 4:15-cv-03021-RBH |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's [ECF #55] motion to vacate under 28 U.S.C. § 2255. Petitioner, Raheem Mahad Ewing, who is represented by FitzLee McEachin, was originally sentenced to a 235 month term of imprisonment pursuant to a Rule 11(c)(1)(C) plea agreement. Petitioner now seeks resentencing alleging he no longer has three predicate convictions as required by the Armed Career Criminal Act in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016). Petitioner argues that following *Gardner*, his prior convictions for North Carolina common law robbery no longer qualify as predicate offenses for purposes of ACCA. The government initially opposed Petitioner's motion to vacate arguing, among other things, that Petitioner was not entitled to relief because he was sentenced pursuant to a stipulated sentence under Rule 11(c)(1)(C) and that his stipulated sentence was not based upon ACCA. The government has now filed a response in support of Petitioner's motion to vacate indicating the government now agrees that Petitioner's motion to vacate should be granted and that he be resentenced without the armed career criminal enhancement.

Having thoroughly reviewed the record in this case, and in light of the government's response in support of the Petitioner's motion, **IT IS ORDERED** that

1. Petitioner's [ECF# 55] motion to vacate his sentence under 28 U.S.C. § 2255 is **GRANTED**.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court.

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Clerk of Court shall appoint counsel for the Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, U.S. Attorney, Defense counsel, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The Clerk of Court is respectfully directed to certify copies of this Order to the Petitioner, Defense counsel, U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS SO ORDERED**.

November 30, 2016                           s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                            United States District Judge